# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6388 | **DATE** | 11/1/2001 |
| **CASE TITLE** | Akpan vs. Jewel Food Stores, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** The defendant's motion (Doc 29-1) for summary judgment is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | NOV 05 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 33 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | SCT — courtroom deputy's initials | 01 NOV -1 PM 3:38 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
NOV 0 5 2001

| | |
|---|---|
| DENISE AKPAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 00 C 6388 |
| ) | |
| JEWEL FOOD SSTORES, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the court on Defendant Jewel Food Stores Incorporation's ("Jewel") motion for summary judgment. For the reasons set forth below, the motion is granted.

## BACKGROUND

For reasons discussed in the discussion section of this memorandum opinion, the following facts are taken from Jewel's 56.1(a)(3) statement of undisputed facts. Jewel hired pro se Plaintiff Denise Akpan ("Akpan") to work as a clerk in the dairy department of its store at 9449 Skokie Blvd., Skokie, Illinois (the "Skokie store").[1]

---

[1] Akpan transferred to Jewel's Rolling Meadows store sometime in 1999 and has since quit her position there for reasons related to a work injury.

While she was employed there, her Store Manager was David Marcheschi ("Marcheschi"). The Co-Manager for part of her employment at the Skokie store was Ed Sullivan ("Sullivan"). Sullivan had immediate, everyday authority over the store employees. Matters of employee discipline usually originated at Sullivan's level and Marcheschi would usually learn of them only after the paperwork had been initiated. Marcheschi did, however, originate discipline himself if he was the one who personally observed poor workmanship or other misconduct on the part of an employee.

To guide managers in disciplining employees, Jewel maintains a uniform set of disciplinary guidelines contained in a written "Resident Supervisor's Guide for Progressive Discipline" ("Resident Supervisor's Guide"). The Resident Supervisor's Guide contains a fixed disciplinary progression for both tardiness and excessive absenteeism. The Resident Supervisor's Guide also contains provisions that prohibit and provide progressive discipline for other types of misconduct, such as inefficiency, negligence, carelessness, lack of cooperation with coworkers, insubordination, incivility, and poor housekeeping.

During the time in which Akpan worked in the Skokie store she was disciplined numerous times for various types of misconduct, including: absenteeism, tardiness, misconduct with a coworker, improper stocking, and insubordination. Marcheschi issued only three of the disciplinary actions; Sullivan issued all of the others. All of this

disciplinary action was issued in accordance with established policy. Akpan was never treated more strictly than other employees who engaged in similar misconduct.

On June 24, 1997, Akpan filed a charge of unlawful employment practice with the Equal Employment Opportunity Commission ("EEOC") alleging that she had been retaliated against for making a sexual harassment complaint about Marcheschi to her Union representatives in March of 1996. Akpan did not file a written complaint or a grievance with her Union; she complained orally. Subsequently, the EEOC issued her a right to sue letter.

On December 12, 2000, Akpan filed a complaint against Jewel and Marcheschi alleging employment discrimination based on sex, race, color, and disability. The court dismissed Akpan's original complaint without prejudice because Akpan included no factual support for her claims based on race, color, and disability and because her sexual harassment claim was not in her EEOC charge.

Akpan then filed an amended complaint on November 30, 2000. The amended complaint again named Jewel and Marcheschi as defendants and contained claims of sexual harassment, race discrimination, and retaliation. Jewel moved to dismiss. In a memorandum opinion dated February 21, 2001, this court dismissed Marcheschi from the case. This court also dismissed Akpan's sexual harassment and race discrimination claims. However, this court found that Akpan had sufficiently stated a claim for

retaliation. Thus, this case proceeded against Jewel on that claim alone. Jewel has now moved for summary judgment.

## LEGAL STANDARD

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed.R. Civ.P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." Celotex, 477 U.S. at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but "must set forth specific facts showing that there is a genuine issue for trial." Fed.R. Civ.P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); rather "[a] genuine issue exists when the evidence is such that a reasonable jury could find for the non-movant." Buscaglia v. United States, 25 F.3d 530, 534 (7th Cir. 1994). When reviewing the record, we must

draw all reasonable inferences in favor of the nonmovant; however, "we are not required to draw every conceivable inference from the record – only those inferences that are reasonable." Bank Leumi Le-Israel, B.M. v. Lee, 928 F.2d 232, 236 (7th Cir. 1991). With these legal principles in mind, the court turns to the case at bar.

## DISCUSSION

Before discussing the substantive issues in this motion for summary judgment, the court must address the procedural issues. Local Rule 56.1(a)(3) requires Jewel, the moving party, to submit a statement of undisputed facts complete with citations to the record. In turn, Local Rule 56.1(b)(3) requires Akpan, the nonmoving party, to respond to each numbered paragraph in Jewel's statement of undisputed facts with the reason for her disagreement with each fact, if any, and provide supporting references to the record. In addition, Local Rule 56.1(b) states that a party opposing a motion for summary judgment must file a supporting memorandum of law and opposing affidavits. The consequence of noncompliance is that "[a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted." Local Rule 56.1(b)(3)(B).

Here, Akpan failed to properly respond to Jewel's motion for summary judgment. Akpan did not file a 56.1(b)(3) statement responding to Jewel's 56.1(a)(3) statement of undisputed facts. Akpan also failed to file a supporting memorandum of law and opposing affidavits. Instead, Akpan filed a compilation of numerous documents that pertain to the factual background in this case and has either, directly on such documents

or preceding them, made some handwritten notes. She has submitted no sworn affidavits. Her submissions do not adequately respond to Jewel's motion for summary judgment. It is not the court's function "to scour the record in search of evidence to defeat a motion for summary judgment; we rely on the nonmoving party to identify with reasonable particularity the evidence upon which [s]he relies." Bombard v. Fort Wayne Newspapers, Inc., 92 f.3d 560, 562 (7th Cir. 1996). Additionally, "[t]he evidence relied upon must be competent evidence of a type otherwise admissible at trial." Bombard, 92 F.3d at 562. Therefore, Akpan "may not rely upon inadmissible hearsay in an affidavit or deposition to oppose a motion for summary judgment." Id.

Furthermore, Akpan's failure to comply with these requirements is not excused by her *pro se* status. Akpan had notice of the need to file sworn affidavits and other responsive materials and of the consequences of not doing so. See Timms v. Frank, 953 F.2d 281, 284 (7th Cir. 1992). Jewel provided Akpan with such notice when it sent her a copy of Local Rule 56.2 with its motion for summary judgment and supporting papers. Additionally, this court included a full and complete copy of Local Rule 56.2 in its minute order of July 17, 2001. That minute order set forth a briefing schedule for the instant motion, which the court subsequently extended on August 9, 2001. Having received the notice, Akpan was aware of the procedures she had to follow and is "not entitled to a general dispensation from the rules of procedure or court imposed deadlines." Jones v. Phipps, 39 F.3d 158, 163 (7th Cir. 1994). Therefore, her *pro se*

status does not allow her to evade the consequences of noncompliance with those procedures.

Consequently, the material facts set forth in Jewel's 56.1(a)(3) statement are deemed undisputed; in other words, Akpan is deemed to have admitted to all factual assertions presented by Jewel. See Local Rule 56.1(b)(3)(B); Michas v. Health Cost Controls of Illinois, Inc., 209 F.3d 687, 689 (7th Cir. 2000) (accepting as true all material facts set forth in 56.1(1) statement where non-moving party failed to comply with Local Rule 56.1(b)); Hill v. Human Rights Comm'n, 762 F. Supp. 196, 198 (N.D. Ill. 1991) (failure of *pro se* plaintiff to respond to defendant's statement of material facts rendered those facts admitted). As such, the court must determine whether summary judgment is proper by reviewing the facts as presented by Jewel. Having addressed the procedural issues, the court now turns to the substantive issues.

Akpan claims that Jewel retaliated against her for complaining to her union about the inappropriate behavior of her supervisor, David Marcheschi. To establish a prima facie case of retaliation, Akpan must show that: (1) she engaged in statutorily protected activity; (2) she suffered an adverse employment action; and (3) there is a causal link between the protected activity and the adverse action. Parkins v. Civil Constructors of Ill., Inc., 163 F.3d 1027, 1038 (7th Cir. 1998). If she establishes these elements, Jewel has the burden to produce a legitimate, nondiscriminatory reason for its actions. Once this reason is produced, Akpan must prove that the reason is pretextual. Parkins, 163

F.3d at 1039; Silk v. City of Chicago, 194 F.3d 788, 799 (7th Cir. 1999) (stating "[a]lthough the burden of production shifts under this method, the burden of persuasion rests at all times on the plaintiff").

In support of its summary judgment motion, Jewel argues that Akpan has failed to make out a prima facie case of retaliation. The court need not decide this issue, however, because even if Akpan could make out a prima facie case, Jewel has advanced legitimate, nondiscriminatory reasons for the employment actions taken against Akpan and Akpan has not proven that the reason is pretextual. See Essex v. United Parcel Service, Inc., 111 F.3d 1304, 1309 (7th Cir. 1997) (citing EEOC v. Our Lady of the Resurrection Med. Center, 77 F.3d 145, 149-50 (7th Cir. 1996)). Jewel asserts that the employment actions were taken because of Akpan's absenteeism, tardiness, and insubordination. The uncontroverted facts in the record support Jewel's position. Jewel has shown that each action was in accordance with the company's established and uniform system of discipline, which specifies the exact form of discipline managers are expected to impose upon employees for particular types of misconduct. Therefore, Jewel has provided a legitimate, nondiscriminatory reason for the employment decisions made with regard to Akpan.

The question then becomes whether Akpan has met her burden of proving that Jewel's proffered reason is pretextual. Akpan has failed to meet this burden. Akpan does not present the court with any arguments or admissible evidence in opposition to

Jewel's motion. While she has made some handwritten notes on certain documents relating to her cause of action, the court cannot consider such statements. <u>Bombard</u>, 92 F.3d at 562. Even if the court could consider these handwritten comments, Akpan has not explained whether or how they establish pretext. Thus, Akpan has not met her burden of proving that the legitimate, nondiscriminatory reasons Jewel has advanced for the employment decisions made with regard to Akpan are pretextual.

In sum, Jewel has produced a legitimate, nondiscriminatory reason for its actions, which Akpan has not shown is pretextual. Accordingly, the court grants summary judgment in favor of Jewel.

## CONCLUSION

For the foregoing reasons, the Defendant's summary judgment motion is granted.

Charles P. Kocoras
United States District Judge

Dated: November 1, 2001